[No. 5718.]

## COLONIAL SECURITY COMPANY v. LARSON.

1. **Evidence — Competency —** A verbal contract was concluded between plaintiff and the agent of defendant. The two conflicted in their recollection of the transaction. Statements of the agent subsequently made to a third person, touching the agreement, are admissible to corroborate the plaintiff, and sustain her complaint of fraud in the transaction.—(28)

In the same case, letters written by defendant to the attorney of the plaintiff, tending to establish the agency of the party who represented defendant, that defendant received the greater part of the money obtained from plaintiff, and that contradictory statements and excuses and false assertions were made by the defendant, were held admissible.—(28)

2. **Contracts—Rescission—Fraud—**Plaintiff was induced to part with her money upon representations to the effect that she should receive therefor bonds with certain conditions. Bonds afterwards delivered to her were a different class of security, and with different conditions from those which it was represented to her she would receive. Other facts in evidence made it manifest that defendant's agent had procured plaintiff's money by representations which the agent knew to be false. Plaintiff having offered to return the bonds sent to her, was entitled to recover the money she had paid.—(30)

*Appeal from Denver County Court*—Hon. Ben B. Lindsey, Judge.

Mr. H. L. Ritter and Mr. R. W. Bonynge, for appellant.

No appearance for appellee.

Mr. Justice Hill delivered the opinion of the court:

This action was brought by the appellee before a justice of the peace where a judgment was entered in her favor in the sum of $179.00 and costs. Defendant appealed to the county court. A trial there resulted in a verdict of the jury for the plaintiff for $168.00 and costs. Judgment was entered for that amount, from which the appellant appeals.

The principal error relied upon is, appellant challenges the right of Honorable Henry V. Johnson, who presided in the county court at the trial of this case, to sit as a judge in said court. In justice to counsel, it is proper to state that this appeal was taken, assignments of error made and briefs filed in support thereof prior to the rendition of the decision by this court in the case of *Butler v. Phillips,* 38 Colo. 379, wherein that question was decided adversely to appellant's contention here, in which opinion it is stated:

"Our conclusion is, that Hon. Henry V. Johnson was discharging the duties of a legally existing office by virtue of an election under a charter provision declared invalid by this court, and that all of his acts in the discharge of the duties of such office must be upheld as the acts of a *de facto* officer."

Other assignments of error are to the admission of testimony, and that the verdict of the jury and the judgment are contrary to the evidence.

There are no written pleadings, and the facts

must be obtained from the testimony in the abstract, from which it appears that one Anna Shepherd, as the agent of the appellant, secured from the appellee the sum of $168.00 for the use and benefit of the appellant.

The contention of the appellee (who was a servant girl of foreign birth but slightly versed in the English language and ignorant in the ways of the world) was, that this money was fraudulently obtained from her, through false and fraudulent representations, and that it was so obtained by the appellant as a part of the purchase price for certain kinds of bonds which the agent fraudulently represented were being sold by the appellant, which the appellee presumed she was purchasing; that certain bonds were delivered to her some two weeks after the payment of this money, but were not the kind and did not contain the conditions represented to her by the agent that the bonds purchased by her would contain, and were not the kind, class or character she agreed to purchase; that when the bonds were delivered to her and accepted by her she was not sufficiently posted in the English language to understand or comprehend their contents, but presumed they contained the conditions agreed upon; that within a short time thereafter, less than a week, when she had them inspected and ascertained the true condition, she immediately demanded the return of her money, which was refused; that she offered to surrender the bonds delivered, which were later mailed to the appellant and this suit brought to recover the money paid.

Complaint is made to the admission of the testimony of Bertha Anderson (a witness for the plaintiff), wherein she told the jury certain conversations between her and Anna Shepherd (the agent of the defendant, who secured the money), which conver-

sation took place when the plaintiff, Hilda Larson, was not present. It is claimed that this testimony necessarily tended to prejudice the jury and place the defendant at a great disadvantage. We find nothing in this contention, and think it was properly admitted as tending to prove fraud, also as tending to sustain the evidence of the appellee, as against the evidence of Mrs. Shepherd as to what the contract really was, and, in the light of the other testimony upon these questions, was proper to be considered by the jury.

Other evidence complained of was the admission of five letters, which purported to be answers to communications sent to appellant by J. J. Sullivan as attorney for the appellee. The portions complained of are wherein these letters set forth the fact that there was a controversy between the company and its agent, Anna Shepherd, as to the amount of money turned in to the company by her for the bonds alleged to have been purchased by the appellee, in which counsel contend the defendant having admitted prior to the offer of these exhibits that the plaintiff had paid to the company $168.00, being all that she claimed, that after this admission it was unnecessary for the defendant to introduce other evidence in respect to that fact, and its admission in the letters of the contention between it and its witness tended to prejudice the jury against the evidence of the witness Shepherd.

There is no contention regarding the authority of Mr. Sullivan to represent the appellee. The letters were in answer to those of Mr. Sullivan, written the appellant concerning this entire controversy, and which tend to set forth fully the appellant's side of it. The letters admit that Mrs. Shepherd was the agent of the appellant. Two of the letters claim that

only $140.00, and not $168.00 (as the appellee claims) was paid to it for the bonds.

These letters further set forth the fact that it is the intention of the appellant to rely upon the conditions of the contract as they claim it is, to wit, the bonds and the application therefor. They further ask time within which to adjust the matter and offer to substitute other conditions (if satisfactory to the appellee) in lieu of those contained in the bonds delivered. In one of the last they reiterate the receipt of only $140.00 by them upon this contract, and request counsel that, if he has receipts for any amount in excess of this, they would be very glad indeed if he would advise them.

They further state therein "If they [the receipts] are signed for by our agent [Anna Shepherd], then, of course, the obligation is upon us to account for the same." Also they state in them they do not desire to take advantage of an innocent party, and wish to be furnished dates of all receipts, etc. Another states that they hold Hilda Larson's signed application for these bonds, "and herewith enclose copy of the same," a matter in dispute. The evidence clearly established the fact that Miss Larson at no time signed the application. In the letter written after the institution of the suit, they offer to make the appellee a loan upon the bonds as an adjustment of the matter, in which they suggest its acceptance, stating it would save her the expense of paying the cost when the court has decided in their favor.

The letters were competent, among other things, to show: (a) That Mrs. Shepherd was the agent of the appellee; (b) that it received the greater part of the money; (c) that inconsistent and contradictory statements were made by the appellee; (d) that certain contentions were made by it in the letters under

its alleged right to retain this money, which were not true.

The final error assigned "that the verdict of the jury and the judgment is contrary to the evidence" leads us to its examination to ascertain if there is sufficient evidence upon which the verdict can be based. We are of the opinion that there is, and without going into details concerning it, while it is conflicting upon the representations made and relied upon, when considered as a whole, there is sufficient evidence to warrant the verdict as rendered. An application was sent to the company for these bonds purporting to have been made and signed by the appellee; her testimony is to the fact that she never had *seen*, *signed* or *heard* of the application until it was produced in court. The evidence upon behalf of the appellant shows that this application was signed by one of its employees. If the appellee's evidence is to be accepted, which was a question solely for the jury, the bonds which she understood she was to get *then*, contained certain conditions and certain obligations that by their language would give to her certain rights and privileges, but the bonds delivered to her were not the kind or class of security and did not contain the conditions it was represented to her they had embodied therein, of which fact she was ignorant; other facts shown at the trial were such that a jury might find that the agents of the appellee, through false and fraudulent misrepresentations, knowing such facts to exist, had intentionally secured the money of the appellee under such conditions.

No complaint is made of the instructions to the jury. The result of two *nisi prius* trials have both been in her favor. We do not think the last should be disturbed. The judgment is affirmed. *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.